UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RONALD JOHNSON,<br>　　　　　　　　Plaintiff,<br>v.<br><br>ASTON CARTER, INC.,<br>AEROTEK, INC., and ALLEGIS<br>GROUP, INC.,<br>　　　　　　　　Defendants.<br>_____/ | Case No. 22-10025<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DENYING IN PART PLAINTIFF'S MOTION TO QUASH SUBPOENA (ECF No. 29) AND HOLDING MOTION IN ABEYANCE

Plaintiff moved to quash two third-party subpoenas issued by Defendants to Plaintiff's therapist, Jamila Stevens, for documents and for a deposition. (ECF No. 29). This motion was referred to the undersigned for determination, (ECF No. 29), and is fully briefed. Plaintiff seeks to quash the subpoenas for three reasons: (1) they violate Fed. R. Civ. P. 45 by providing an unreasonably short period in which to comply with the subpoena and sets the deposition for after the close of discovery, (2) they violate Rule 45 because they were served on the non-party via email, and (3) they violate the Court's standing order on non-party depositions because they do not include required language about the non-party's rights. Aside from responses on the merits, Defendants argue that Plaintiff lacks standing to the challenge the subpoenas.

A.      Standing

Ordinarily, a party has "'no standing to seek to quash a subpoena directed to a non-party.'" *Underwood v. Riverview of Ann Arbor*, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008) (quoting *United States v. Wells*, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006)). If the movant can show the subpoena would violate their privilege or a personal right, they may have standing. *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997).

Plaintiff, citing *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (Table), 1997 WL 280188 (6th Cir. May 27, 1997), says he has standing to seek to enforce Court orders and Rule 45. (ECF No. 33). There, like Plaintiff here, the challenged subpoena did not violate a privilege or personal right of the plaintiff. The court accepted that the plaintiff could challenge the subpoena for a violation of Rule 45. The subpoena was for medical records. Pursuant to communications between the defendant and plaintiff, it appeared both parties had the understanding that the plaintiff might challenge the subpoena on the ground of privilege. The defendant deceptively did not give the plaintiff that opportunity—it informed the subpoena recipient they could hand over the medical records early, which they did. Defense counsel had the opportunity to look through the plaintiff's medical records without plaintiff's knowledge and without the opportunity to challenge the subpoena. The

2

court concluded that defense counsel's actions violated the sprit of Rule 45. *Id.* at *4-5.

Assuming Plaintiff has standing to challenge the subpoenas for a violation of Rule 45, as discussed below, the Court finds that Defendants complied with Rule 45, or at least with the spirit of Rule 45.

B. Timing

Rule 45 requires the Court to quash or modify a subpoena, on motion, if the subpoena does not allow a reasonable time to comply. Fed. R. Civ. P. 45(d)(3)(A)(i). The subpoenas gave Ms. Stevens less than two weeks to comply — a short time. That said, this was not an unreasonably short time for Ms. Stevens to comply with the documents subpoena, because she said she did not have documents she could produce. (ECF No. 32-1, PageID.337). As for the deposition, Defendants noticed the deposition for February 23, 2023, but that date did not work for Ms. Stevens. She suggested February 27th, which Defendants accepted. So while neither subpoena provided much time to comply, this does not appear to have prejudiced the potential deponent, and appears to have given a sufficient amount of time to comply.

What remains is that this deposition is set to take place after the close of discovery on February 23, 2023, and Defendants did not seek an extension of the

3

discovery deadline or leave to depose Ms. Stevens after the deadline.[1] This issue does implicate Rule 45. Thus, it is less clear whether Plaintiff has standing to quash the subpoena based on the discovery deadline. Assuming he does, and since case deadlines directly effect the parties, not non-parties, it is reasonable that Plaintiff would have standing, the Court still finds that the subpoena should not be entirely quashed.

The proper action is for Defendants to either seek concurrence from Plaintiff to conduct the deposition out of time or to move the Court for an extension of the time for the deposition. As it stands, the undersigned is not in a position to alter scheduling order deadlines.

It is noteworthy that Defendants state that the deposition will be needed only if this case proceeds to trial; it is not necessary for dispositive motions. Thus, it appears the fact that this deposition would occur after the close of discovery prejudices neither party in preparing dispositive motions.

In addition, Plaintiff provided a timeline of events to imply that Defendants were dilatory in seeking to depose Ms. Stevens. He points out that he listed Ms. Stevens as a non-retained expert in witness lists during October and filed his expert disclosures on December 21, 2022. Yet Defendants did not seek to depose her

---

[1] Their request for leave in their response is not considered here because it is improper. This Court's Electronic Filing Policies and Procedures rules do not permit a party to combine a motion with a response. ECF Rule 5(f).

4

until February 10, 2023.  Plaintiff fails to include that Defendants served discovery requests on him on January 13, 2023, concerning his expert witness.  Plaintiff responded on February 9, 2023, stating he did not have information about his treatment and provided contact information for Ms. Stevens and an authorization for his mental health records.  The next day, Defendants emailed the subpoenas to Ms. Stevens.  While it would have been ideal had Defendants served discovery requests on Plaintiff closer to the December 21, 2022, disclosure, the Court cannot say they unduly delayed seeking information.

In short, the Court holds the motion to quash the subpoena **in abeyance** on the issue of extending the time to take Ms. Stevens' deposition.  The parties are directed to confer as soon as possible on whether they agree to take Ms. Stevens' deposition on February 27th, 2023.  If no such agreement is reached, Defendants must move for an extension of the scheduling order or to take Ms. Stevens' deposition out of time.

C.     Manner of Service

Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person."  Fed. R. Civ. P. 45(b)(1).  Courts in this circuit typically do not treat the Rule's personal service requirement as unmovable.  When service is effective by ensuring actual receipt of the subpoena, and the person was not prejudiced by the method of service, the Court may overlook the technical

5

deficiency. *See Garbins v. Hofbauer*, 2012 WL 1578919, at *2 (W.D. Mich. May 4, 2012) (collecting cases).

Emails between Defendants' counsel and Ms. Stevens reflect that she received the subpoenas and accepted service of them through email. (*See* ECF No. 32-1). She has not raised objections to the manner of service. The motion is **DENIED** with regard to service.

D. Standing Order

As shown by emails between the non-party and Defendants' counsel, counsel complied with the spirit of the standing order, even if after Ms. Stevens had notice of the subpoena and after Plaintiff filed this motion. In an email to Ms. Stevens, counsel provided the information required to be disclosed by the standing order regarding her rights. In response to that information, Stevens agreed to appear to a deposition on February 27, 2023, and stated her hourly rate for the deposition. (ECF No. 32-1, PageID.335-36).

The Court will not quash the subpoena for failure to include the standing order language with initial service of the subpoenas, because Ms. Stevens was informed of her rights before compliance was due. The motion is **DENIED** with regard to the standing order language.

Lastly, Plaintiff alternatively asks the Court to treat the motion as one for a protective order under Fed. R. Civ. P. 26. Entitlement to a protective order

6

requires a showing of good cause to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had, or that the disclosure or discovery be limited to certain matters. Fed. R. Civ. P. 26(c). To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). Plaintiff has not shown a clearly defined or serious injury resulting from the planned deposition of Ms. Stevens. The request for protective order is **DENIED**.

    **IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: February 24, 2023                    s/Curtis Ivy, Jr.
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge